BEFORE THE FIRST DIVISION, DECEMBER 22, 1954

**No. 58628.**—Wm. Kratt Co. *v.* United States, protest 187731–K (New York).

OLIVER, Chief Judge: This case relates to merchandise described on the invoices as "Reed Plates for Organs Nr. 79/20," which the collector assessed with duty at the rate of 70 per centum ad valorem under paragraph 1513 of the Tariff Act of 1930, as parts of toys, not specially provided for. Plaintiff claims that the articles are properly classifiable as parts of music boxes, not specially provided for, under paragraph 1541 (a) of the Tariff Act of 1930, as modified by T. D. 48093, and dutiable thereunder at the rate of 20 per centum ad valorem.

The sole witness was the president of the plaintiff corporation. He stated that plaintiff's business is "mostly" the manufacture of harmonicas, and that it also includes the manufacture of "music reed plates which are used for humming tops." The witness characterized the merchandise in question as a "reed plate," and identified a sample thereof (plaintiff's exhibit 1). It is a circular metal plate, approximately 3⅛ inches in diameter, with a hole in the center, about one-fourth of an inch in diameter. Covering openings in the plate and secured thereto in radial-like arrangement, are 20 metal strips or reeds, measuring about three-fourths of an inch in length. Each reed is tuned to a certain pitch, and they are coordinated so that, when in use, five reeds complete one chord, the entire arrangement on the plate consisting of four chords. The witness testified that the reed plate in question is designed for and used exclusively in a particular type of mechanism (plaintiff's illustrative exhibit 2), described by the witness as "the mechanism which is built into the music box" and "That is really the heart of the instrument," without which it cannot be played. The finished article (plaintiff's illustrative exhibit 3), in which the imported reed plate is used, is a highly decorated metal container, measuring approximately 6¾ inches by 4½ inches, rising in an arch shape and being about 9¼ inches at its highest point. It is finished in bright colors. The front and rear faces are attractively painted, depicting a church interior with organ. The sides simulate stained glass windows. From one side of the container or housing, there extends a metal rod, at the end of which is a small wooden handle. By turning the handle, the mechanism (illustrative exhibit 2) is put into operation, functioning like a fan and blowing air through the reed plate to cause the reeds to vibrate and emit musical tones. Continuing to wind the mechanism, brings changes in the chords that are emitted with organlike quality.

The witness also identified a collection of six reed plates (plaintiff's collective illustrative exhibit 4) that are manufactured by plaintiff for use in humming tops. All of those reed plates are smaller in diameter and have fewer reeds than the merchandise in question. The largest of them, which is 2⅝ inches in diameter and contains 12 reeds, is "similar" to the reed plate under consideration. During the course of cross-examination, the witness was shown a humming top (defendant's illustrative exhibit A), which he recognized as containing a reed plate manufactured by plaintiff.

At this point, mention should be made of the fundamental principle in customs law that the plaintiff in a classification case has the twofold burden of proving the correctness of the alleged claim, as well as showing that the collector's classification is wrong. *Joseph E. Seagram & Sons, Inc.* v. *United States*, 30 C. C. P. A. (Customs) 150, C. A. D. 227; *United States* v. *Enrique C. Lineiro*, 37 C. C. P. A. (Customs) 5, C. A. D. 410. It should be noted, also, that "the law is well settled that the classification by the collector and his official acts are presumptively correct" (*McKesson & Robbins, Inc.* v. *United States*, 27 C. C. P. A. (Customs) 157, C. A. D. 77), and it is equally "well established that the collector is presumed to have found every fact to exist that was necessary to sustain his classification" (*E. I. du Pont de Nemours & Co.* v. *United States*, 27 C. C. P. A. (Customs) 146, C. A. D. 75). Under those principles, the presumption of correctness attaching to the collector's action herein, classifying the reed plate under consideration as part of a toy, includes a finding by the classifying officer that the article, of which the merchandise in question is a part, is a "toy," within the tariff definition of the term, set forth in paragraph 1513, *supra*, as follows:

PAR. 1513. * * * As used in this paragraph the term "toy" means an article chiefly used for the amusement of children, whether or not also suitable for

physical exercise or for mental development. The rates provided for in this paragraph shall apply to articles enumerated or described herein, whether or not more specifically provided for elsewhere in this Act.

Plaintiff's evidence, as hereinabove outlined, is not sufficient to sustain its burden, as imposed under the cited authorities. The only positive phase of the witness' testimony is that the plaintiff manufactures and imports reed plates which are used in different kinds of articles. The witness' statement that the finished product (illustrative exhibit 3) is known to him "As a music box, or a church organ" (R. 15) is entitled to no weight in the light of his explanation that, although the article is manufactured in this country, plaintiff does not "put the organ out at all" (R. 17), and the only imported part thereof is the reed plate, which is supplied by plaintiff.

So far as the present record shows, the only use for the reed plate in question is as a part of the mechanism that is enclosed in the metal housing, painted to simulate a church (illustrative exhibit 3). There is no evidence as to the use of that article, yet the matter of use is all-controlling, because, under the provisions of paragraph 1513, *supra*, invoked herein by the collector, a "toy" means "an article chiefly used for the amusement of children, whether or not also suitable for physical exercise or for mental development." An article that meets this statutory definition is classifiable as a toy "whether or not more specifically provided for elsewhere." The statutory construction was enunciated in the case of *Louis Wolf & Co., Bing Wolf Corp.* v. *United States*, 19 C. C. P. A. (Customs) 132, T. D. 45258, wherein the court stated that "an *eo nomine* designation of an article in a provision not intended to include toys would not remove the article from the toy paragraph, if it in fact was a toy." Applying the rule herein, it was incumbent upon plaintiff, as part of its direct case, to show that the finished product (illustrative exhibit 3, *supra*) is not "chiefly used for the amusement of children." In other words, even if the said finished article is a music box, as claimed, the burden on plaintiff was to show that it is not a toy within the provisions of paragraph 1513, *supra*. This the plaintiff has failed to establish.

Samples are potent witnesses. (*United States* v. *May Department Stores Co.*, 16 Ct. Cust. Appls. 353, T. D. 43090; *United States* v. *Bernard, Judae & Co.*, 18 C. C. P. A. (Customs) 68, T. D. 44029; *United States* v. *The Halle Bros. Co.*, 20 C. C. P. A. (Customs) 219, T. D. 45995.) The general appearance and the simple way of using the finished product, illustrative exhibit 3, *supra*, tend to support the collector's classification of the present merchandise. Also, it may be observed that the musical chords emitted therefrom result from air pressure that vibrates the reeds as they are arranged on the reed plate under consideration, whereas a music box, as defined in Funk & Wagnalls New Standard Dictionary, contains "a mechanism contrived to reproduce melodies," the notes being "produced by the vibrations of steel teeth struck by minute pegs projecting from the surface of a revolving cylinder."

On the basis of the record before us and for all of the reasons hereinabove set forth, we hold that plaintiff has failed to overcome the presumption of correctness attaching to the collector's classification of these reed plates as parts of toys. The protest is overruled and judgment will be rendered accordingly.